Hamed v. Ames Dept. Store          CV-95-504-SD  05/13/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Audu Hamed


    v.                                    Civil No. 95-504-SD


Ames Department Store;
Zayre Central Corporation


ORDER


    In this civil action, plaintiff Audu Hamed[1] brings a multi-count discrimination suit against his former employer Zayre Central Corporation and its parent corporation Ames Department Stores, Incorporated.[2]

    Presently before the court is defendants' motion to dismiss, to which plaintiff has objected, and defendants have replied thereto.  Also before the court is plaintiff's motion to supplement the record, which seeks to introduce the right-to-sue

---

[1]The court notes that plaintiff was formerly known by the name Otasowie Ojo, but has since changed his name to Audu Hamed. Both of plaintiff's discrimination charges, as well as the right-to-sue notices, have been either filed or issued in the name of Audu Hamed.

[2]Plaintiff originally filed suit against Ames only, but has since filed an amended complaint which names both Zayre and Ames. For the purposes of the instant proceedings, both defendants shall be singly identified by the court as "Ames".

letter that correlates to his December 6, 1994, charge of discrimination. Defendants have objected to such relief.

## Background

Plaintiff Audu Hamed began his employment relationship with Ames on August 1, 1989. Amended Complaint ¶ 7. Hired as a store detective, Hamed was trained in Ames' Woburn, Massachusetts, store and was thereafter assigned to its Waltham, Massachusetts, store. Id. Between 1989 and 1992, plaintiff worked at defendants' stores in Cambridge, Roxbury, and Saugus, Massachusetts. Id. ¶ 8.

Hamed maintains that Ames has established "a pattern and practice of favoring white employees over African American employees in promotions to senior detective and managerial positions." Id. ¶ 12. Plaintiff wrote to Ames' chief executive officer sometime in 1992 to complain "about his failure to be promoted." Id. ¶ 13. Although this action was allegedly met with displeasure by plaintiff's immediate supervisors, see id. ¶¶ 14-15, plaintiff did receive a promotion on about November 22, 1993, to the position of senior store detective, id. ¶ 17. Notwithstanding such promotion, plaintiff asserts that "on account of his race and origin, he was not permitted by Mr. Tom Jeffrey, his supervisor, to carry out many of the

responsibilities of his position, including having input in the selection and training of new store detectives at his store." Id.

Between June 1992 and October 1994, Hamed was transferred three times, the first being from defendants' Roxbury store to one in Manchester.[3] Id. With the closure of defendants' Manchester store, plaintiff was then transferred to defendants' store in Salem, New Hampshire, and thereafter to Ames' Seabrook, New Hampshire, store. Id. ¶¶ 16, 20.

Hamed asserts that his transfer to the Seabrook store was motivated by discriminatory animus regarding his race and national origin, id. ¶ 23, and further that such transfer occurred in contravention of defendants' alleged "policy against assigning detectives to stores more than 35 miles from their home," id. ¶ 21. Finally, when plaintiff attempted to return to work following a medical leave of absence, the alleged failure of plaintiff and Ames personnel to arrange a mutually acceptable work schedule culminated in plaintiff's termination on January 18, 1995. Id. ¶¶ 27-28.

Plaintiff has lodged two separate complaints against Ames with the New Hampshire Commission for Human Rights (NHCHR). The

--------

[3]The court notes that the pleadings do not indicate whether this store is in Manchester, Massachusetts or New Hampshire.

first charge, NHCHR number 16D950038, was filed on December 6, 1994, and alleges discrimination based on race and national origin.  See December 6, 1994, Charge of Discrimination (attached to Defendants' Motion as Exhibit 6).  The discrimination alleged in this charge is stated to have taken place on May 1, 1993, at the earliest, and by September 7, 1994, at the latest.  Id.  A Notice of Right to Sue letter based on this charge was issued on February 5, 1996.  Plaintiff filed a second charge of discrimination, NHCHR number 16D950109, on March 31, 1995, asserting discrimination in his termination based on race, national origin, retaliation, and New Hampshire Revised Statutes Annotated 354-A.  See March 31, 1995, Charge of Discrimination (attached to Defendants' Motion as Exhibit 5).  The discriminatory conduct alleged therein is stated to have taken place between January 17 and 18, 1995.  Id.  A Notice of Right to Sue letter was issued thereafter on September 11, 1995.  Commencement of this federal action followed on October 17, 1995.

1.  The Motion to Dismiss Standard

The task of a court presented with a motion to dismiss filed under Rule 12(b)(6), Fed. R. Civ. P., "is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

4

support the claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). Thus, the court takes all of plaintiff's factual averments as true and indulges every reasonable inference in plaintiff's favor. <u>Talbott v. C.R. Bard, Inc.</u>, 63 F.3d 25, 27 (1st Cir. 1995), <u>petition for cert. filed</u>, 64 U.S.L.W. 3593 (U.S. Feb. 16, 1996) (No. 95-1321); <u>Dartmouth Review v. Dartmouth College</u>, 889 F.2d 13, 16 (1st Cir. 1989).

## 2. The Merits

Plaintiff's amended complaint sets forth four separate counts, of which Count I seeks recovery under 42 U.S.C. § 1981 for race-based discrimination, and Counts II-IV seek recovery under 42 U.S.C. § 2000e, <u>et seq.</u>, for impermissible discrimination on account of race, national origin, and retaliation, respectively. Plaintiff sets these counts forth in the last four paragraphs of the amended complaint, utilizing the preceding thirty-five paragraphs to supply the underlying facts.

Defendants' motion seems to take issue with this manner of complaint construction, and essentially seeks the court's assistance in parsing the facts and compartmentalizing same with the appropriate cause of action. This the court declines to do, and accordingly denies defendants' motion in its entirety.

In so ruling, the court pauses to note that the motion sub judice is one based upon Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim.  Each count set forth in plaintiff's amended complaint is supported by the requisite factual allegations and thus survives the instant motion as a result.  Whatever arguments defendants may have regarding plaintiff's ability to recover for some or all of the injustices alleged, a matter the court affirmatively avoids at this juncture, are more properly raised in a different motion and at a different time.  At this stage of the proceedings, however, the court finds and rules that plaintiff's amended complaint passes muster.

3.  Plaintiff's Motion to Supplement, document 18

Plaintiff's motion to supplement the record, introducing the February 5, 1996, right-to-sue letter, is herewith granted over defendants' objection.

In making such a ruling, the court notes that this is not a circumstance where a single charge of discrimination had been filed and plaintiff then sought to commence a federal civil action prior to exhausting his administrative remedies; i.e., prior to obtaining a right-to-sue letter.  Rather, Hamed filed two charges of discrimination, but the right-to-sue letter ultimately obtained erroneously referenced only the latter of the

6

two charges.  Upon request of counsel, the EEOC corrected the alleged oversight and issued a second right-to-sue letter. Properly in this federal court on the one charge, the court declines to require plaintiff to needlessly jump through further procedural hoops on account of the EEOC's purported inadvertence or oversight.

<u>Conclusion</u>

For the reasons set forth herein, defendants' motion to dismiss (document 4) is denied, and plaintiff's motion to supplement record (document 18) is granted.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

May 13, 1996

cc:  H. Jonathan Meyer, Esq.
     Richard V. Wiebusch, Esq.